UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :
            - v. -                :    **SEALED AFFIRMATION**
                                  :
AZU AJUDUA,                       :    21 Cr.
                                  :
            Defendant.            :    21 CRIM 76
                                  :
- - - - - - - - - - - - - - - - - x

      MATHEW S. ANDREWS hereby affirms, under penalty of perjury and pursuant to 28 U.S.C. § 1746, as follows:

      1.  I am an Assistant United States Attorney in the Office of Damian Williams, United States Attorney for the Southern District of New York, and I am familiar with this matter. By this affirmation, the Government applies for an order of the Court directing that (1) the charging documents in the above-referenced case pertaining to defendant AZU AJUDUA, including the criminal information and related charging paperwork (collectively, the "AJUDUA Charging Documents"), remain under seal until further order of the Court; (2) the transcripts of AJUDUA's arraignment, guilty plea, and further proceedings in this matter be sealed until further order of the Court; and (3) docketing of the AJUDUA Charging Documents, AJUDUA's arraignment and guilty plea, and further proceedings in this matter be delayed until further order of the Court.

2. AJUDUA is not currently charged. AJUDUA began proffering in or about early 2021 with the Government in the hopes of obtaining a cooperation agreement. During these proffers, AJUDUA provided information about, among other things: a healthcare fraud scheme whereby non-physicians took control of medical clinics and billed insurance companies for unnecessary medical treatments and medical procedures that were not actually performed.

3. The parties have reached a plea agreement, and expect that AJUDUA will waive indictment and plead guilty in December 2021. Following his plea, AJUDUA will continue to cooperate with law enforcement, including by testifying at future court proceedings. Additionally, the Government's investigation is still ongoing, and other members do not know that AJUDUA is cooperating with law enforcement. Therefore, to maintain the integrity of the investigation, the Government submits that the instant Application is warranted.

4. Although there is a qualified right of public access to Court documents, the Second Circuit has recognized that documents may be filed under seal to, among other things, further ongoing law enforcement efforts, including grand jury investigations. United States v. Cojab, 996 F.2d 1404, 1407-09 (2d Cir. 1993) (affirming sealing order); United States v. Haller, 837 F.2d 84, 88 (2d Cir. 1988) (affirming decision to seal that

portion of a plea agreement that referred to a defendant's ongoing cooperation); see also Fed. R. Crim. P. 49.1(d)-(e) & advisory committee note (permitting a court to order filings to be made under seal, and explicitly listing, as examples, "motions for downward departure for substantial assistance" and "plea agreements indicating cooperation"). The Second Circuit has also recognized that even docketing the applications to seal those materials could be prejudicial, and in such cases the applications themselves and related notes to the docket could be sealed. United States v. Alcantara, 396 F.3d 189, 200 n.8 (2d Cir. 2005).

    5. Compelling law enforcement interests support the requested relief in this case. AJUDUA is cooperating with law enforcement against uncharged individuals. Exposing or highlighting AJUDUA's charges, arraignment, or cooperation could cause individuals whom AJUDUA is cooperating against to flee or destroy evidence. For instance, the Government intends to conduct search warrants of the targets' residences and cellphones as part of the takedown in this matter. If the targets are notified of AJUDUA's cooperation, it is highly likely that they will destroy incriminating text messages and physical evidence of the scheme, such as signature stamps bearing doctors' signatures and pre-signed blank checks from doctors' bank accounts that are used to launder the proceeds of the scheme. An order granting the

requested relief would greatly reduce the risk that AJUDUA's cooperation with the Government will be exposed.

6. The Government does not propose that the fact of AJUDUA's charges, arraignment, and cooperation, and the existence and nature of the charges against him, be kept sealed indefinitely. For example, if AJUDUA is called to testify against a co-conspirator who proceeds to trial, the need for sealing and delayed docketing will have passed and the documents at issue here could possibly be unsealed and docketed.

7. Accordingly, the Government requests that the Court enter an order directing that (1) the AJUDUA Charging Documents remain sealed until further order of the Court; (2) the transcripts of AJUDUA's arraignment, guilty plea, and further proceedings in this matter be sealed until further order of the Court; and (3) docketing of the AJUDUA Charging Documents and AJUDUA's arraignment, guilty plea, and further proceedings in this matter be delayed until further order of the Court.

8. The Government also requests that this Application and any related order be sealed and their docketing delayed until further order of the Court.

10. AJUDUA's attorney, Jill Shellow, consents to this Application.

Dated: New York, New York
December 14, 2021

          /s/ Mathew S. Andrews
Mathew S. Andrews
Assistant United States Attorney
Southern District of New York
212-637-6526